AO 91-*NM* (Rev. 11/11, Amended 6/13) Criminal Complaint (D.N.M.)

# United States District Court
For the
## District of New Mexico

United States of America

v.

Joe D. Cisneros

_____
*Defendant(s)*

)
)
)
)
)
)
)
)

Case No.  21mj170

**FILED**
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

## CRIMINAL COMPLAINT
*May be handwritten*

I, the sworn complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of   February 3, 2021   in the county of  Bernalillo in the Kirtland District of New Mexico, the defendant(s) violated:

| Code Section (Counts) | Offense Description |
| --- | --- |
| Ct. 1: 18 U.S.C. § 111(b) | Assaulting, resisting, or impending certain officers or employees |
| Ct. 1: 18 U.S.C. § 13, NMSA § 30-31-25.1(A) | Possession, delivery, or manufacturing of drug paraphernalia prohibited |

This criminal complaint is based on facts provided on the attached sheet.

_____
*Complainant's signature*

Bryan Santiago-Pagan, SrA, USAF
*Printed name and title*

Approved by AUSA _____ Burkhead, Jack _____
*Printed name*

Sworn to ~~before~~ me ~~and signed in my presence~~. by telephone and submitted electronically.

Date:   February 3, 2021

_____
*Judge's signature*

City:   Albuquerque _____ , New Mexico

Kirtan Khalsa United States Magistrate Judge
*Printed name and title*

# CRIMINAL COMPLAINT FACTUAL BASIS

For

Joe D. Cisneros

*Defendant(s)*

I, Bryan Santiago-Pagan, having been duly sworn, hereby depose and state as follows:

1.      I am a Security Forces Installation Patrolman with the United States Air Force assigned to the 377th Security Forces Squadron at Kirtland Air Force Base (KAFB), New Mexico. I have been in my current position since 2020 and I have conducted and directed misdemeanor and felony investigations impacting the U.S. Air Force.

2.      Your affiant reasonably relies on the information identified in this affidavit and application. This information is of the quality routinely and properly relied upon by law enforcement personnel in conducting investigations and analyzing the existence of probable cause to believe crimes, such as those being investigated in this matter, are being or have been committed. Those supplying the information are reliable, in many instances, in that they are employees of the institutions identified elsewhere in this affidavit, who supplies the information to government authorities, knowing that authorities would rely on it and that the individuals and institutions are obligated to provide truthful information to law enforcement personnel when making reports of crimes and the facts and circumstances surrounding such reported crimes, or they are Security Forces employees, victims and witnesses. The statements received are corroborated by each other and by evidence obtained during this investigation.

3.      This affidavit is made in support of an arrest of Joe D. Cisneros (SUBJECT), under Title 18, United States Code, Section 13, Assimilative Crimes Act, within the exclusive jurisdiction of the United States on Kirtland AFB. Offense Description: Ct. 1: 18 U.S.C. § 111 (assaulting, resisting, or impending certain officers or employees), and 18 U.S.C. § 13, NMSA § 30-31-25.1(A) (possession of drug paraphernalia).

4.      On 2 February 2021, at 2028 hours, the 377th Security Forces Squadron, Base Defense Operations Center (BDOC), KAFB, NM received a notification of a loud noise complaint made against retired veteran Joe D. Cisneros for yelling obscenities, talking to himself and banging his recreational vehicle (RV) door. BDOC dispatched. Senior Airman (SrA) Santiago-Pagan and Airman First Class (A1C) Wood to the RV Park on KAFB. Santiago-Pagan and Wood made contact with Cisneros inside of his RV speaking through the front passenger window. Cisneros stated people were following him and throwing stuff at his RV. Santiago-Pagan and Woods swept the surrounding areas for personnel and projectiles with negative findings. Santiago-Pagan advised Cisneros to keep the noise level down and Wood accomplished an AF Form 3907, Security Forces Field Interview Data. Santiago-Pagan and Woods departed scene at 2049 hours.

5.      At 0006 hours Santiago-Pagan conducted an area check of the RV park when he noticed Cisneros discarding personal belonging from his RV onto the ground in front of the park's laundry mat facility. Santiago-Pagan and Southards made contact with Cisneros. Cisneros stated someone told him to do it because they wanted his stuff. Santiago-Pagan and Southards told Cisneros to collect his stuff and move his vehicle back to the designated location he rented. Cisneros agreed to collect all his belongings and moved to his spot but became very agitated. Santiago-Pagan and Southards departed the RV Park. Santiago-Pagan was put on a 15 minute wellness checks until the remainder of shift.

6.      At 0203 hours, Santiago-Pagan noticed Cisneros was circling the RV park in his vehicle.  Santiago-Pagan advice BDOC of Cisneros actions and BDOC dispatched Technical Sergeant (TSgt) Spears, Woods, Southards and a medical team to examine Cisneros for mental health evaluation.  When Santiago-Pagan approached Cisneros, he became belligerent, stating "Fuck you Mother Fuckers!", "Leave me the Fuck Alone!", and "Get the Fuck out of here!"  Cisneros saw the medical first responders and stated, "Why did you bring them here" and  "They followed me here!"  Spears asked Cisneros to exit the vehicle.  Cisneros stated, "Fuck you, you are one of them!"  Cisneros then started his RV.  Spears started to turn the vehicle off and exit the vehicle.  Cisneros again stated, "Fuck you!" and began to drive away.  Southards immediately got into his vehicle and initiated his lights bar.  Cisneros did not heed vehicle lights from patrol car or verbal challenge from Spears.  Wood got in his vehicle and initiated light bar and proceeded to the entrance of the RV park to block the exit.  Spears also initiated lights in his patrol car and proceeded to block the entrance with Wood.  When Cisneros saw the exit was blocked he stopped approximately 10 meters short of the blocking patrols cars.  Cisneros locked all of his doors and left the engine running.  Spears then told Cisneros to turn the vehicle off and exit the vehicle. Cisneros, with a screwdriver in hand, stated "Fuck you just let me out!"  Cisneros continued, "You are one of them and you are trying let them get me!" while looking in the direction of the medical response team.  Cisneros then stated while still staring at the medical team, "I will kill those motherfuckers!"  Cisneros repeated threats towards the medical team as he mumbled in anger.  The medical team is employed by the United States and thereby members of that team that were threatened by Spears are persons covered by 18 U.S.C. § 1114.

7.      Spears then began to talk to Cisneros in attempts to calm him down.  After approximately 20 minutes, Cisneros agreed to turn off the vehicle but continued to state how we are not cops and cannot be trusted because we are one of them.  Cisneros would look at Wood and state "You think you can get me Lieutenant J. G. (junior grade)." After another 5 minutes of talking Cisneros started to become more agitated rolling his windows up and refusing to talk to Spears.  Cisneros went into the kitchen area of the RV where he began to stack equipment against the side door of the RV.  He then began cooking which is when Santiago-Pagan saw Cisneros with a knife in place of his screwdriver.  Intermittently, Cisneros would stop and began arguing with himself in the RV.  After Cisneros finished cooking his meal, he sat in the driver seat of the RV to eat.  Spears noticed he rolled his driver side window down and approached Cisneros.  Cisneros was calm and talked with Spears for approximately an hour.  Spears then asked to see pictures of Cisneros children and stood on the step of the door eye level to Cisneros.  Attempts were made to open the door from the inside but unsuccessful.  Spears then inquired about the make and model of the RV.  Spears asked Cisneros if the driver's side door worked in which Cisneros stated yes and proceeded to open the door.  Spears, Santiago-Pagan, Wood and Southard immediately grabbed Cisneros and pulled him out of the vehicle before he could reach for the two knives or screw driver within arm's reach.  Cisneros was actively resisting attempts to remove him out of the vehicle.

7.      At 0600 hours, officers obtained consent to search the RV occupied by Cisneros.  At 0618 hours, Staff Sergeant (SSgt) Cummings and K9, Hugo (8091) completed the search of the RV, seizing two knives, one screwdriver located near the driver seat, and a pipe commonly used to ingestion controlled substances such as crack cocaine or methamphetamine.

8.      Based on the information provided in this affidavit, I believe there is probable cause to arrest the defendant under 18 U.S.C. § 111(b), and 18 U.S.C. § 13 and NMSA 30-31-25.1(A).

Sworn to me telephonically and signature confirmed.

I swear/affirm upon penalty of perjury that the above information is true and correct to the best of my knowledge (initial previous pages).

_Judge's signature_

_Covenant's signature_

3

Kirtan Khalsa United States Magistrate Judge
*Printed name and title*

Bryan Santiago-Pagan, SrA, USAF
*Printed name and title*

4