IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                                              NO. CR-21-925-JCH

JOE D. CISNEROS,

          **Defendant.**

**UNOPPOSED MOTION TO CONTINUE TRIAL**

        The Defendant Joe D. Cisneros (Mr. Cisneros), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for September 20, 2021 for ninety (90) days. As grounds for this motion, Mr. Cisneros states as follows:

        1.        Mr. Cisneros is charged in a Criminal Information – Misdemeanor, dated July 2, 2021with the offense of Assaulting, Resisting, and Impeding a Federal Officer, in violation of 18 U.S.C. § 111(a), and with Possession of Drug Paraphernalia (Infraction), in violation of 18 U.S.C. § 13(a), NMSA § 30-31-25.1. These offenses are alleged to have occurred on February 2, 2021 at Kirtland Airforce Base.

        2.        The parties in this case have exchanged discovery, in particular undersigned counsel has provided the Government with documentation and records confirming Mr. Cisneros mental health history. While said history does not rise to the affect Mr. Cisneros' competence to stand trial, it constitutes mitigating information that has resulted in the Government offering to resolve this case by way of a Pretrial Diversion Program referral.

3. At this point in time, the Government is in the process of drafting the proposed Pretrial Diversion Program agreement, and Mr. Cisneros will also be required to be screened the U.S. Probation Office for eligibility. As a result, Mr. Cisneros is seeking a continuance of the current trial setting to allow the parties sufficient time to complete the required screening and admission process pertaining to the Pretrial Diversion Program.

4. The constitution's guarantee of effective assistance of counsel includes adequate time to prepare for trial. Reversing the district court's denial of a motion for continuance of trial, the Eleventh Circuit spoke to this important principle:

> While we appreciate the heavy caseloads under which the district courts are presently operating and understand their interest in expediting trials, we feel compelled to caution against the potential dangers of haste, and to reiterate that an insistence upon expeditiousness in some cases renders the right to defend with counsel an empty formality. In our system of justice, the Sixth Amendment's guarantee to assistance of counsel is paramount, insuring the fundamental human rights of life and liberty. The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." *Gideon v. Wainwright*, 372 U.S. 335, 343, 83 S. Ct. 792, 796, 9 L. Ed. 2d 799 (1963) (citation and quotations omitted).
>
> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance … is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment. *Avery v. Alabama*, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940) (footnotes omitted) (emphasis added). This case presents an instance where a court, in its haste, denied compelling unopposed motions for continuance and in so doing eviscerated one of the Sixth Amendment's essential safeguards. As a result, justice has not been done.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995). Undersigned counsel requires additional time to complete the Pretrial Diversion Program admission process, which (if successful) will result in the pretrial resolution and eventual dismissal of this case.

6. Effective assistance of counsel requires the evaluation and discussion of plea possibilities. *Missouri v. Frye,* 566 U.S. 133 (2012).

7. Given the possibility of a settlement of this cause, a continuance aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See, Connolly v. United States*, 2013 WL 530869 (D.N.J. 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643, 1996 WL 465841 (4th Cir. 1996) (unpub'd) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under 3161"); *United States v. Stradford*, 394 F. App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpub'd) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

8. The requested continuance will not give rise to a Speedy Trial Act violation. The additional time required by the continuance may properly be excluded under 18 U.S.C. § 3161(h)(7) on the ground that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. Failure to grant the continuance would "deny counsel for the defendant [and] the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

9.        Opposing counsel, AUSA Rumaldo Armijo, does not oppose the relief requested.

WHEREFORE, Mr. Cisneros respectfully moves this Court to vacate the trial setting of September 20, 2021 and continue said trial for approximately ninety (90) days.

Respectfully Submitted:

By: /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
ROMERO & WINDER, PC
*Attorney for Plaintiffs*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
Fax: (505) 212-0273
joe@romeroandwinder.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of August 2021, I filed the foregoing electronically through the CM/ECF system, and served the same to opposing counsel, AUSA Rumaldo Armijo.

By:    */s/ Joe M. Romero, Jr.*
        Joe M. Romero, Jr.